UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| RONNA LUGOSCH, ) | |
| ) | |
|       **PLAINTIFF** ) | |
| ) | |
| v. ) | CIVIL NO. 07-105-P-H |
| ) | |
| JAMES AVERY CRAFTSMAN, ) | |
| INC., ) | |
| ) | |
|       **DEFENDANT** ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE AND RULING ON THE
PARTIES' MOTIONS TO EXCLUDE EXPERT TESTIMONY**

After *de novo* review, I **AFFIRM** the recommended decision of the Magistrate Judge (Docket Item 48). Accordingly, the defendant's motion for summary judgment is **DENIED**.

Defendant's Motion to Exclude the Expert Testimony of Janel Russell (Docket Item 39) and Plaintiff's Motion to Exclude Expert Testimony of Joyce Jonas (Docket Item 42), so far as they relate to expert opinion as to copying, are **GRANTED**. The factfinder does not need the assistance of experts to evaluate the testimony, compare the images, and determine whether copying occurred. I note, however, that each expert does have some information that might be of assistance to the jury—for example, how to attach jewelry for different functions or product categories, art history, what was common in the trade when the respective designers designed their pieces, other images in the trade that might express

similar ideas to those of these pieces, what is challenging for a designer, etc.  I express no view on whether the experts may be allowed to testify on narrow issues such as these.

Since the defendant moves to exclude other specific topics of the plaintiff's expert Joyce Jonas, I rule on them as follows:  (i) the opinion on dissection is excluded as part of the opinion on copying; (ii) the opinion on Avery's motivation is excluded for lack of foundation; (iii) the opinion on the impact of advertising is not excluded given Jonas's experience and credentials (obviously the plaintiff can attack it by cross-examination or otherwise); (iv) the opinion on employee confusion is excluded for lack of foundation; (v) the opinion on family-themed jewelry is not excluded to the extent Jonas testifies there is no such category, but it is excluded to the extent she says these pieces are not within the category (since she has never heard of the category); and (vi) the opinion on consumer preferences on JAC pieces is excluded since she has no information about JAC in particular, but it is not excluded as to consumer preferences in general given her experience and credentials (the basis for the opinion can be challenged on cross-examination).

Plaintiff's Motion to Exclude Certain Testimony of Defendant's Damages Expert Brent K. Bersin (Docket Item 41) is **DENIED**.  The arguments that the plaintiff raises are for the factfinder in determining what weight to give to Bersin's opinions.

**SO ORDERED.**

**DATED THIS 30TH DAY OF SEPTEMBER, 2008**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**